IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY M. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 03-1026 |
| | ) |
| JOANNE B. BARNHART, COMMISSIONER OF | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment (Docket Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 16) and denying Plaintiff's Motion for Summary Judgment (Docket No. 12).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for widow's disability insurance benefits ("WDIB") and for supplemental security income

("SSI") under titles II and XVI, respectively, of the Social Security Act ("Act"). 42 U.S.C. §§401-433, 1381-1383f. On April 19, 2000, Plaintiff filed her second application for SSI alleging that she became disabled on July 27, 1994, due to depression, arthritis, diabetes, high blood pressure, degenerative joint disease, back pain, and a kidney disorder.[1] (R. 146-48). On July 19, 2000, Plaintiff filed an application for WDIB following the death of her husband. (R. 254-55). Again, Plaintiff alleged a disability since July 27, 1994. *Id.*

Administrative Law Judge Elliott Bunce held a hearing on March 29, 2001, at which time Plaintiff, who was represented by counsel, testified and a vocational expert testified. (R. 64-96). On October 11, 2001, the ALJ found that Plaintiff was not disabled, and, thus, not entitled to SSI or WDIB payments. (R. 17-34). During the pendency of her appeal to the Appeals Council, Plaintiff submitted additional evidence. (R. 13). The Appeals Council considered it part of the record, but denied Plaintiff's request for review on May 2, 2003. (R. 11-13).

On July 7, 2003, Plaintiff filed an action in this Court. (Docket No. 1). On December 15, 2003, Defendant filed an Unopposed Motion to Remand because of the inability to locate the file or the recording of the hearing. (Docket No. 3). On December 16, 2003, the Court granted said Motion and administratively closed the

---

[1] Plaintiff filed a previous application for SSI on August 23, 1994, alleging disability as of July 27, 1994. (R. 21, 100-107, 261-76). Plaintiff's application was denied by the Administrative Law Judge ("ALJ") on December 19, 1996. The Appeals Council affirmed the decision of the ALJ on August 25, 1997. No other appeal was taken. As a result, the opinion of the ALJ is now final and not open for reconsideration. 20 C.F.R. §§404.955, 416.1455. Consequently, the only time period at issue now is December 19, 1996, through October 11, 2001, the date of the ALJ's decision. Therefore, contrary to Plaintiff's position, the doctrine of *res judicata* prevents the ALJ from considering any medical evidence prior to December 19, 1996. 20 C.F.R. §§404.955, 416.1455, 404.957(c)(1), 416.1457(c)(1). Therefore, the ALJ was proper in not considering any of the medical evidence prior to December 19, 1996.

case. Ultimately, the missing recording and claim file were located. Thus, on November 22, 2005, Defendant filed a Motion to Reopen the File. (Docket No. 5). The case was reopened on November 29, 2005. (Docket No. 8). Plaintiff filed her Motion for Summary Judgment on February 21, 2006.[2] (Docket No. 12). Defendant filed her Motion for Summary Judgment on March 22, 2006. (Docket No. 16). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

---

[2]In her Motion for Summary Judgment, Plaintiff requested oral argument. (Docket No. 12, p. 1). After a review of the record, I find that oral argument is not necessary. Consequently, said request is denied.

To be eligible for social security disability benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or

reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **PLAINTIFF'S ARGUMENTS**

Plaintiff's main argument is that the ALJ erred in assessing her credibility. (Docket No. 13, pp. 9-11). It is the responsibility of the ALJ to make credibility determinations. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). An ALJ must consider a plaintiff's statement(s) about his/her symptoms; however, statements about symptoms will not alone establish that a plaintiff is disabled. 20 C.F.R. § 404.1529(a); 20 C.F.R. 416.929(a). "There must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled." *Id.* Thus, factors relevant in evaluating a plaintiff's symptoms include:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

>    (v) Treatment, other than medication, you receive or have received for relief of your pain or other systems;
>
>    (vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
>    (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c); 20 C.F.R. 416.929(c). In this case, the ALJ considered Plaintiff's complaints of pain in conjunction with the factors listed above and the objective medical evidence and found them to be overstated. (R. 24). Thus, I find that the ALJ did not err in finding that Plaintiff "overstated the severity and number of her problems." (R. 24).

Plaintiff similarly complains that the ALJ did not take into account her "physical and emotional limitations that she exhibited at the hearing held on 3-29-01 at which time she cried (Tr. 84), needed to drink (Tr. 88), could not continue to sit and then stand (Tr. 74 and 79)." (Docket No. 13, pp. 10-11. First, Plaintiff does not cite to any evidence of record, nor have I found any evidence, that her crying and need to drink at the hearing were of such a degree that they should have been considered disabilities affecting her ability to work. Second, I note that the ALJ did allow for alternating of sitting and standing in considering Plaintiff's residual functional capacity. (R. 25). Thus, I find no error in this regard.

It follows, therefore, that since I find that the ALJ did not err in the matters discussed above, that the ALJ did not err in questioning the vocational expert. See, Podedworny v. Harris, 745 F.2d 210 (3d Cir.1984); *Chrupcala v. Heckler,* 829 F.2d

6

1269, 1276 (3d Cir. 1987).

Consequently, I find that the opinion of the ALJ is supported by substantial evidence.[3]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[3] I note that Plaintiff states that the decision of the Appeals Council to deny Plaintiff's request for review was in error. (Docket No. 13, p. 11). Plaintiff fails to state why this was in error. *Id.* Moreover, it is the decision of the ALJ, not the Appeals Council, that is at issue before this Court. Consequently, I find no merit to this statement.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY M. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 03-1026 |
| | ) |
| JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

THEREFORE, this **4th** day of April 2006, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 12) is Denied and Defendant's Motion for Summary Judgment (Docket No. 16) is Granted. Judgment is entered in favor of Defendant and against Plaintiff. This case is closed.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge